JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Nicole Gilleo | South Whitehall Township Police Officer Joseph R. Starosta |

**(b)** County of Residence of First Listed Plaintiff __Pennsylvania__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Lehigh County__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James A. Wells, Esquire, 1731 Spring Garden Street, Philadelphia, PA 19130

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1983

Brief description of cause:
Excessive Force

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $500,000.

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE 5/12/26

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

10/2024

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: South Whitehall Township Police Department, 4444 Walbert Avenue, Allentown, PA 18104

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? — Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? — Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? — Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? — Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. — Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☐ **is not** related to any pending or previously terminated action in this court.

---

## Civil Litigation Categories

**A. *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B. *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICOLE GILLEO | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| SOUTH WHITEHALL TOWNSHIP | : |
| POLICE OFFICER JOSEPH R. | : |
| STAROSTA | : **NO.**_____ |
| | : |
| **Defendant.** | : |

## COMPLAINT

Plaintiff, Nicole Gilleo ("Ms. Gilleo"), by and through her attorneys, Gay, Chacker &

Ginsburg P.C., files this Complaint against defendant South Whitehall Township Police Officer

Joseph R. Starosta ("defendant Starosta"):

### Parties

1.      Ms. Gilleo is an adult individual residing at 5349 Route 873, Schnecksville, PA

18078.

2.      Defendant Starosta was at all relevant times a police officer with the South

Whitehall Township Police Department at 4444 Walbert Avenue, Allentown, PA 18104.

### Jurisdiction

3.      This action is brought pursuant to 42 United States Code § 1983. Jurisdiction is

based upon 28 United States Code §§ 1331, and 1343(a)(3), and 1343(a)(4). Plaintiff further

invokes the supplemental jurisdiction under 28 United States Code § 1376(a) to hear and decide

claims under state law.

## Facts

4.      Prior to the incident giving rise to this Complaint, Ms. Gilleo served as a volunteer firefighter for the Woodlawn Fire Department, which serves the South Whitehall Township community.

5.      Following the conclusion of her service as a volunteer firefighter, Ms. Gilleo was in possession of various items obtained in connection with her service such as her badge, radio, pager, and the like.

6.      At that time Ms. Gilleo had an attorney in an unrelated matter who spoke with with Barry Search, Chief of the Woodlawn Fire Department, and coordinated a date when Ms. Gilleo was to return the various items still in her possession.

7.      On or about May 16, 2024, which was prior to the date Ms. Gilleo was told she could return the above item, Richard Tice, Deputy Chief of the Woodlawn Fire Department initiated the filing of criminal charges against Ms. Gilleo based on allegations that she failed and refused to return the above items.

8.      On or about May 17, 2024, Ms. Gilleo presented to the South Whitehall Township Police Department to voluntarily turn herself in on the active arrest warrant.

9.      At that time, defendant Starosta forcibly placed Ms. Gilleo in handcuffs, despite the fact that she had voluntarily turned herself in and did not in any way resist arrest.

10.      Ms. Gilleo immediately informed defendant Starosta that the handcuffs were extremely tight to the point that they were causing severe pain.

11.      While being escorted to a patrol car, Ms. Gilleo again advised that the handcuffs were too tight and were causing her severe pain.

12.      Despite knowing that Ms. Gilleo voluntarily turned herself in, was not resisting

2

arrest in any way, was in severe pain because the handcuffs were too tight, and was at risk of serious injury, defendant Starosta ignored Ms. Gilleo's complaints and intentionally refused to remove or loosen the handcuffs.

13. On or about May 19, 2024, Ms. Gilleo presented to St. Luke's Care Now for emergency medical treatment and advised that she had ongoing thumb and wrist pain in her dominant right hand since her arrest on May 17, 2024.

14. Medical providers at St. Luke's Care Now diagnosed Ms. Gilleo with wrist sprain and tenosynovitis of the thumb, provided her with a thumb spica splint, and referred her to an orthopedic specialist.

15. On or about May 21, 2024, Ms. Gilleo presented to orthopedic surgeon Glen Jacob, MD with ongoing complaints of pain in her right wrist and thumb.  Dr. Jacob noted that his clinical examination was consistent with tendinitis of the Flexor Carpi Radialis tendon ("FCR tendonitis"), recommended continued thumb spica splint immobilization and various other conservative treatments.

16. On September 9, 2024, after failing conservative treatments including a steroid injection in her right wrist/thumb, Ms. Gilleo underwent a right FCR tendon release surgery performed by Dr. Jacob.

17. As a direct and proximate result of defendant Starosta's actions, Ms. Gilleo was deprived of rights, privileges and immunities under the Fourth and/or Fourteenth Amendments to the United States Constitution and in particular the right to be free from excessive force while being detained/arrested.

18. The actions and/or inactions of defendant Starosta violated the clearly established federal constitutional rights of Ms. Gilleo to freedom from use of excessive, unreasonable and

3

unjustified force against her person.

19.    As a direct and proximate result of defendant's conduct, Ms. Gilleo has suffered and will continue to suffer in the future great physical pain with mental and physical traumatic anxiety reaction, nervousness and other psychological and emotional disorders depriving the said plaintiff of life's pleasures together with great embarrassment and humiliation and disfigurement.

20.    As a direct and proximate result of defendant's conduct, Ms. Gilleo has and will in the future continue to spend large sums of money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

21.    As a direct and proximate result of defendant's conduct, Ms. Gilleo has and will in the future be unable to attend to and perform her daily duties and occupations, all to her great detriment and loss.

**COUNT ONE**
**42 U.S.C. § 1983**

22.    Ms. Gilleo hereby incorporates the allegations contained in the preceding paragraphs of this Complaint as if the same were set forth at length herein.

23.    Ms. Gilleo claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant Sarosta for violation of his constitutional rights under color of law.

24.    As a result of the above actions, Ms. Gilleo suffered the damages as aforesaid.

WHEREFORE, plaintiff, Nicole Gilleo, demands judgment in her favor and against defendant South Whitehall Township Police Officer Joseph R. Starosta for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

**COUNT TWO**
**Supplemental Claims against Defendant Starosta**

4

25.     Ms. Gilleo hereby incorporates the allegations contained in the preceding paragraphs of this Complaint as if the same were set forth at length herein.

26.     Defendant Starosta assaulted and battered Ms. Gilleo.

27.     As a result of the above actions, Ms. Gilleo suffered the damages as aforesaid.

WHEREFORE, plaintiff, Nicole Gilleo, demands judgment in her favor and against defendant South Whitehall Township Police Officer Joseph R. Starosta for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

JAMES A. WELLS, ESQUIRE
GAY, CHACKER & GINSBURG, P.C.
1731 Spring Garden Street
Philadelphia, PA  19130
(215) 567-7955
fax: (215) 567-6809
james@gayandchacker.com

**Attorneys for Plaintiff**
**Nicole Gilleo**

Date:   May 12, 2026

5